ON RETURN TO REMAND
TYSON, Judge.
On October 26,1990, this court remanded this cause with an opinion, in order for a hearing to be held in circuit court on the issue of the alleged ineffective assistance of counsel at trial. 574 So.2d 1015. The appellant’s original sodomy conviction was affirmed by this court, White v. State, 519 So.2d 1389 (Ala.Crim.App.1987), without opinion.
Rehearing was denied by this court on November 30, 1990, and a petition for cer-tiorari was filed in the Alabama Supreme Court on December 14, 1990. This petition was denied by the Alabama Supreme Court on February 15, 1991.
In the meantime, the Circuit Court of Houston County proceeded to conduct a full evidentiary hearing on the merits of the petitioner’s allegations. The circuit
*74 court has now filed its return to remand which reads as follows:
“IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA
“CRIMINAL DIVISION
“JAMES HENRY WHITE, “PETITIONER
“VS.
“STATE OF ALABAMA,
“RESPONDENT CASE NO. CC-86-332
“ORDER ON PETITION FOR RULE 20
“The Court hereby makes the following specific findings on the Rule 20 Petition filed herein:
“1) Rule 20.2(c) provides that in convictions appealed to the Court of Criminal Appeals, a Petition under Rule 20 must be filed within two years after the issuance of the Certificate of Judgment by the Court of Criminal Appeals. The record reveals that petitioner’s appeal was denied by the Court of Criminal Appeals on October 16, 1987, and that Petitioner’s petition for Writ of Certiorari was denied by the Supreme Court of Alabama on October 16, 1987. The record further reveals that this petition was not filed until October 17, 1989.
“2) However, the Court proceeded to take testimony and the witness that petitioner alleges his trial attorney failed to interview could not have testified to any facts in the case which would have been beneficial to Petitioner (R 20 & 21). The evidence further reveals that Petitioner failed to give his attorneys these witnesses’ names.
“3) The record reveals that Petitioner’s trial attorney did in fact make a motion to exclude the evidence, and the record further reveals that Petitioner’s trial counsel represented Petitioner properly and adequately.
“For the foregoing reasons, the Rule 20 Petition is due to be and is hereby denied.
“Clerk to notify.
“DONE and ORDERED this 14th day of December, 1990.
“/s/ Denny Holloway, Judge
“20th Judicial Circuit of Alabama”
We have carefully examined the record in this cause together with the findings hereinabove stated. We are of the opinion that the petitioner’s allegations lack legal merit.
The appellant has failed to make out a case of ineffective assistance of counsel within the meaning of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
For the reasons shown, this cause is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.